[PHILADELPHIA, FEBRUARY 11th, 1837.]

WEST *against* SIMMONS,                    | 2 Wh 261
                                           f214      32

IN ERROR.

1. Under the act of the 28th of March, 1835, if an affidavit of defence be filed, setting forth the nature and character of the same, yet if the facts set forth in such defence be insufficient in law to prevent the plaintiff's recovery, the District Court may give judgment, as for want of an affidavit.

2. Where an affidavit of defence was filed, and a rule was obtained for judgment, notwithstanding the affidavit, and pending the rule the defendant placed in the prothonotary's office a supplemental affidavit, it was *held* that such affidavit was admissible; and if sufficient, that judgment ought not to be entered against the defendant.

WRIT of error to the District Court for the City and County of Philadelphia.

(West *v.* Simmons.)

Upon the return of the record, it appeared that Henry Simmons brought an action on the case to December Term, 1835, of that Court, against George G. West; and within the period required by law filed a copy of the note upon which the suit was brought, viz. a note for $116 75, dated January 20th, 1832, drawn by the defendant in favour of William Fulmer, and by him endorsed to the plaintiff. There was no copy of any protest filed with the copy of the note.

On the 19th day of February, 1836, the defendant filed the following affidavit of defence.

" Henry Simmons ⎫
           *v.*          ⎬   Dis't Court, Dec. '35.   707.
George G. West. ⎭

George G. West, the above defendant, being duly affirmed, saith, he has a just and full defence to the above action, and as defence thereto the deponent says, that true it is that he signed the note on which this action is instituted, but that, on the 12th day of January, preceding the date of said note, (1832) he had been discharged under the insolvent laws of this commonwealth, and that at the time of said discharge, William Fulmer, the payee of said note, was a creditor of deponent, and that said note was, with others, given to said William Fulmer, previous to said discharge, as security for the payment to him of the debt owing to him, in consideration that he, the said William Fulmer, would not oppose the discharge of deponent as aforesaid ; and therefore the deponent saith, that the said note is void, as he believes ; together with other facts in possession of the defendant."

On the 15th of March, 1836, the plaintiff's counsel obtained a rule on the defendant, to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

On the 19th of March, 1836, during the pendency of the rule to enter judgment, the defendant deposited in the prothonotary's office. in the usual way, a further affidavit of defence, as follows :

" Simmons ⎫
       *v.*       ⎬   Dis. Court, Dec. '35.   707.
   West.   ⎭

George G. West, the above defendant, being sworn according to law, saith, as a further defence to the above suit, that previously, as he is confident, to said note coming into possession of above plaintiff, deponent informed said plaintiff that said note was null and void, the same having been obtained from deponent by the payee, fraudulently ; and the consideration for the said note being, that the payee, to whom deponent owed a debt at the time the said note was given, would not oppose his discharge under the insolvent laws of this common-

(West v. Simmons.)

wealth; and that on the payee's promising to withdraw his opposition as aforesaid, the said note was given, and deponent was discharged; and further deponent says, that the plaintiff has not, as he is confident, given any consideration for said note, and received it with full notice of the facts aforesaid."

The District Court gave judgment for the plaintiff after argument;* and the defendant took a writ of error, and assigned the following errors.

1. "That the court below erred in granting to the defendant in error, who was plaintiff in the suit below, a rule on defendant below to show cause why judgment for want of a sufficient affidavit of defence should not be entered.

2. That the affidavit of defence filed by the defendant below on March 19th, 1836, is a sufficient affidavit to prevent the entry of judgment under the act of assembly of March 28, 1835.

3. That the affidavit of defence, endorsed as filed March 19, 1836, was filed properly and in due time, within the meaning of the act.

4. That the court below erred in ordering that judgment should be entered for plaintiff below.

5. That the entry of such judgment is altogether erroneous and illegal."

Mr. *Fallon*, for the plaintiff in error, cited *Jackson* v. *Davidson*, (4 *Barn. & Ald.* 691; S. C. 6 *Eng. Com. Law Rep.* 567.) *Heath* v. *Sansom*, (2 *Barn. & Adolph.* 291; S. C. 22 *Eng. Com. Law Reps.* 78.) *Holmes* v. *Karsper*, (5 *Binn.* 469.) *Beltzhoover* v. *Blackstock*, (3 *Watts*, 20.) 2 *Starkie's Evid.* 171. *Fentum* v. *Pocock*, (5 *Taunt.* 193.) 4 *Petersdorff's Abr.* 320. *Riddle* v. *Mandeville*, (5 *Cranch*, 322.)

Mr. *Haley*, contra.

The opinion of the Court was delivered by

SERGEANT, J.—The act of the 20th of March, 1835, re-establishes the District Court for the City and County of Philadelphia; and makes alterations in its former practice, by providing for monthly returns of process, repealing the compulsory arbitration act so far as concerns suits in that court, and by various other enactments, apparently intended to expedite the transaction of its business. The second section contains a provision which has been the subject of argument in this and several other cases at the present term. This section enacts, "that in all actions instituted in the said court, on bills, notes, bonds, or other instruments of writing for the payment

---

* 1 *Miles*, 165, (*Simmons* v. *West.*)

of money, and for the recovery of book debts—in all actions of *scire facias* on judgments, and on liens of mechanics and material men, under the act of the 17th of March, 1806, and its supplements, it shall be lawful for the plaintiff, on, or at any time after the third Saturday succeeding the several return days therein before designated, on motion, to enter a judgment by default, notwithstanding an appearance by attorney, unless the defendant shall previously have filed an affidavit of defence, stating therein the nature and character of the same: *provided* however, that in all such cases, no judgment shall be entered by virtue of this section, unless the said plaintiff shall within two weeks after the return of the original process, file in the office of the prothonotary of the court, a copy of the instrument of writing, book entries, record or claims."

The general question is, whether if the plaintiff has duly complied with the requisites of the act, and the defendant files an affidavit of defence, of the nature specified, which on its face presents an insufficient defence, the court are empowered to enter judgment by default at the instance of the plaintiff. This question, from the want of an express provision on the subject, is by no means free from difficulty; but upon the best consideration we can give to the different constructions which suggest themselves, we concur in that which has been adopted by the District Court as the correct one.

The principle of requiring an affidavit of defence has long been familiar to our practice. It commenced in the year, 1795 by an agreement among the gentlemen of the bar, and embraced all actions. It was afterwards adopted into the rules of the different courts, though restricted to actions of debt or contract. In 1811, its constitutionality was questioned, as well as the authority of the Court of Common Pleas to make such a rule; but it was sanctioned on both grounds by the opinion of this court in the case of *Vanatta* v. *Anderson*, (3 *Binn.* 417.) It is observable that in the act of 1835, the legislature does not content itself with merely requiring an affidavit of defence in the ancient mode, which is all that would be necessary to test the conscience of the defendant: the act goes further, and requires the defendant to set forth in his affidavit "the nature and character" of this defence. Why is this additional duty imposed on the defendant? In order, it would seem, that the court should be apprised of it, and have an opportunity to ascertain whether the party has a defence, or is merely swearing to one, which by his own showing has no existence; and that the conscience of the court should be satisfied in that respect, before the plaintiff should be delayed or hindered in obtaining judgment on a money demand arising from the defendant's own signature, or by matter of record, or by book account. If this were not the object, the provision would seem to be of little use; for the defendant need only make an affidavit that he has a defence, and then state some ground or other as the nature and character of it; and no matter how idle or unavailing

(West v. Simmons.)

it might be, the plaintiff must be postponed from term to term, and the forms of pleading and trial gone through, to no purpose but for delay. No injury is done to the defendant by this construction. His own affidavit, or that of others conusant of facts, disclosing any ground of defence in matter of fact, entitles him to a trial by jury in the usual manner. If he presents a defence in a point of law, he has the benefit of it on a hearing before the court, as fully as he would if the forms of a demurrer were strictly pursued. Where on the other hand the facts disclosed by the defendant present no defence either in matter of fact or of law, it is but right that the plaintiff's debt should be secured by a judgment.

But we are of opinion that the defendant's supplemental affidavit was material, and ought to have been received. In what instances a third person holding a negotiable note, which was fraudulent and void between the original parties, is obliged to show that he is a *bona fide* holder; whether it is competent to the maker when sued by such holder, to show the note to have been given originally without consideration, and then to call on the plaintiff, after notice, to prove the consideration he gave for it; or whether a defendant must go further in the first instance, and prove notice to the plaintiff of such want of consideration, or gross *laches* in receiving the note, are questions which may be considered as unsettled here. The more recent English authorities seem to establish the latter doctrine. The supplemental affidavit removed all the doubts on this head that might have existed on the original affidavit, and made the case proper for a trial by jury to ascertain the truth of the fact stated. The proceeding to judgment under this section being more summary than formerly existed, great injustice might be done to defendants, if they were precluded from filing supplemental affidavits, containing matters affecting the merits of the controversy, omitted in the first affidavit from accident or inadvertence, or perhaps since ascertained. In the present case, the defendant, four days after the rule to show cause, and two weeks before the hearing, made his supplemental affidavit, and placed it in the office of the prothonotary. There was therefore ample opportunity to the plaintiff to be informed of its contents. The pendency of the motion and the rule of court, did not under these circumstances, take away the right of the defendant, conferred on him by the act of assembly, to set forth the nature and character of his defence by affidavit, whether that affidavit was an original or a supplemental one.

Judgment reversed, and record remitted for trial.