[PHILADELPHIA, FEBRUARY 16TH, 1839.]

## RODMAN *against* HUTCHINSON.

#### IN ERROR.

1. The District Court for the City and County of Philadelphia, has jurisdiction whenever the sum actually demanded by the plaintiff, whether in contract or tort, exceeds one hundred dollars.

2. The plaintiff, in an action in the District Court, declared in *indebitatus assumpsit* for work and labour, goods sold, &c., alleging in every count that the defendant was indebted in $600, and laying his damagss at $1000. On the trial, the defendant offered evidence to contradict the plaintiff's testimony, and in denial of its legal effect; but no sct-off or other matter of confession and avoidance was offered. The jury found a verdict for the plaintiff for $37 53; having found against the plaintiff on most of the items of his claim. The District Court entered judgment for the plaintiff with costs, which the Supreme Court affirmed.

ON a writ of error to the District Court for the City and County of Philadelphia, it appeared that Margaret Hutchinson brought an action on the case in that Court to June term, 1830, against William R. Rodman.

The plaintiff declared in *indebitatus assumpsit*, for work and labour done and materials furnished, for goods sold and delivered, and money had and received, and on an account stated; alleging in every count that the defendant was indebted to her in the sum of $600, and laying the damages at $1000. The defendant pleaded non-assumpsit and payment, &c.

On the trial before JONES, J., in February, 1837, the plaintiff (in order to avoid the effect of an error in his bill of particulars,) filed, by leave of the judge, a count for particular goods sold and delivered. The plaintiff's counsel in opening her case claimed twenty-four items, amounting together to $419 05, exclusive of interest; and when the evidence was closed, claimed to have sustained her demand to the extent of $354 11, amounting with interest to $519 57. The defendant neither offered nor relied on any set-off, or other matter of confession and avoidance. His

(Rodman *v.* Hutchinson.)

evidence and defence were confined exclusively to a contradiction of the plaintiff's testimony, and a denial of its legal effect, as contended for in her favour. The jury found a verdict for the plaintiff for thirty-seven dollars and fifty-three cents, having found against her on most of the items of her claim. The judge before whom the cause was tried, permitted the verdict to be entered, reserving the question of jurisdiction. The defendant moved that judgment on the verdict be arrested, and judgment entered for the defendant, and that the Court would take order on the question of costs, and generally on the point of jurisdiction reserved.

The Court below rendered judgment as follows:

" It appearing that the claim of the plaintiff under her declaration had not been reduced by any set-off, or other matter of confession and avoidance, and that no such matter of set-off, or of confession and avoidance, had been urged or offered on the part of the defendant at the trial, but that the plaintiff's claim, as made before the jury on the trial, had been made in good faith, and for a sum of money exceeding one hundred dollars, it is considered that the plaintiff have judgment for the amount of the verdict with full costs."

The costs amounted to about two hundred and thirty dollars, of which upwards of one hundred and ninety dollars was witness money.

The defendant took a writ of error, and on the return of the record filed the following specifications.

" 1. The Court below had no jurisdiction.

2. As the demand on which the plaintiff obtained a verdict was for less than an hundred dollars, the Court below ought not to have entered judgment on the verdict.

3. The Court below ought to have arrested the judgment.

4. The Court below ought not to have entered judgment for costs.

5. The Court below ought not to have entered judgment for full costs.

6. The Court below ought to have entered judgment for the defendant below."

Mr. *Cadwalader,* (with whom was Mr. *Mallery,*) for the plaintiff in error.

The plaintiff was certainly not entitled to costs in respect to that part of her claim in which she was defeated. Nor can she recover

them as to that part in which she succeeded, because the cause of action was *ex contractu*, and the amount recovered was below one hundred dollars. Suppose a plaintiff to sue for breach of promise of marriage, with a count for goods sold of the value of one cent, and the verdict to be against her for all but the goods sold; could she recover costs? The District Court was established by the act of the 30th of March, 1811, the first section of which provided that the Court "shall have no jurisdiction either originally or on appeal, except where the sum in controversy shall exceed one hundred dollars." A new and special jurisdiction was created by this act; in which respect the District Court differs from this, which has always had jurisdiction. In *Cooper v. Coates*, (1 *Dall.* 308,) the defendant had given a bond for six hundred pounds, which had been reduced by payments before judgment entered, to ten pounds, and it was held that the plaintiff was not entitled to costs. *Bunner v. Neil*, (1 *Dall.* 457.) *Silvius v. Smith*, (3 *Yeates*, 583.) *Stewart v. Mitchell*, (13 *Serg. & Rawle*, 287.) *Wilson v. Daniel*, (3 *Dall.* 401.) *Grant v. M'Kee*, (1 *Peters's S. C. Rep.* 248.) *Gordon v. Ogden*, (3 *Peters*, 34.) *Smith v. Honey*, (3 *Peters*, 469.) *Roup v. Brubacker*, (1 *Rawle*, 304, 310.) In *Ancora v. Burns*, (5 *Binn.* 522,) it is said that in actions sounding merely *in tort*, the damages laid in the declaration furnish the only standard of jurisdiction. That case furnishes no support for the decision of the Court below in actions arising *ex contractu*. The *dictum* of Judge Duncan in *Kline v. Wood*, (9 *Serg. & Rawle*, 301,) that where the declaration states a cause of action founded on a contract, where the subject-matter exceeds one hundred dollars, and the District Court gives judgment, the jurisdiction is to be sustained though the recovery is for less than one hundred dollars, is not supported by the authorities. Whether a claim was made in *good faith*, as the Court below expressed it, it would be difficult to ascertain. A very uncertain standard would be taken if this were the criterion.

The Court declined hearing Mr. *H. Hubbell* and Mr. *Randall*, who were to argue in support of the judgment below.

The opinion of the Court was delivered by

Kennedy, J.—Though six errors have been assigned, yet two questions only are presented by them. First, Had the Court below jurisdiction of the cause? And secondly, If it had, ought the judgment rendered by it, on the verdict for the plaintiff below, to have been without costs? In order that these questions may be correctly answered, we must refer to the act of assembly passed the 30th of March, 1811, (5 *Smith's L.* 123,) entitled "An act to provide for the erection of an additional Court within the city and county of Philadelphia." Under the authority of this act, the Court below, in

(Rodman v. Hutchinson.)

which this action was instituted and determined, was created and orga-
nised. Its powers and jurisdiction are defined and limited thereby,
which, when properly scanned and construed, will determine the ques-
tions raised here. By the first section of the act it is enacted, " That
there shall be a Court of record established in and for the city and
county of Philadelphia, by the name and style of ' The District
Court for the City and County of Philadelphia,' which shall consist
of a president and two associate judges, any two of whom, in case
of the absence or inability of the other, shall have power to try,
hear and determine *all civil pleas and actions real, personal and
mixed ;* and for the trial of such pleas and actions shall have and
exercise the *same powers, authorities,* and *jurisdiction,* as are *now
vested by law in the Court of Common Pleas for the City and County
of Philadelphia : Provided,* That the said Court shall have no juris-
diction, either *originally* or on appeal, except where the sum in
controversy shall exceed one hundred dollars." By the second
section it was further enacted, that from and after the first Monday
of June then next following, " all suits and causes depending in the
Court of Common Pleas of the City and County of Philadelphia,
where the *sum in controversy* exceeded one hundred dollars, should
be transferred to the said District Court, there to be tried and
determined; and the original jurisdiction of the said Court of
Common Pleas of the City and County of Philadelphia, in all civil
actions, where the *sum in controversy* exceeded one hundred dollars,
should thenceforth cease and determine." It will be observed that,
by the enacting part of the first section of the act, *general* jurisdic-
tion is given over *all* civil actions, whether real, personal or mixed :
and that it is by the proviso thereto, that any restriction or qualifi-
cation is annexed. The District Court therefore may be considered
a Court of general jurisdiction; and it will lie on the party who
claims to be exempted from it, to show it. It is clear here that the
cause of action in this case, is embraced by the enacting part of the
act, and that according to the plain and obvious meaning of it, the
Court had jurisdiction over the cause. Then what is there upon
the record, going to show that under the terms of the proviso, the
Court were not authorised to take cognisance of it ? Does it appear
that the *sum in controversy* did not *exceed* one hundred dollars ?
For this, according to the terms of the proviso, is made the criterion
of jurisdiction. The record shows that the *sum demanded* by the
plaintiff below, exceeded one hundred dollars greatly. But it is said
the *sum demanded* by the plaintiff cannot be the *sum in controversy,*
within the true meaning of the act; for that would put it in the
power of the plaintiff, when his demand, even in his own opinion,
did not exceed one hundred dollars, and where he had not the slightest
colour of ground to claim more, to bring his suit, at his election,
either before an alderman or justice of the peace, or in the District

(Rodman *v.* Hutchinson.)

Court of the City and County of Philadelphia; and this, it is con-
tended, would be in opposition to the spirit, and design of the act, if
not to the letter of it; which, among other things, was intended to
prevent plaintiffs from dragging defendants into Court to answer in
cases over which jurisdiction was given to aldermen and justices of
the peace. This argument is not without plausibility. But this
construction would not seem to comport with either the commonly
received or legal meaning of the phrase " sum in controversy." The
*amount claimed* by the plaintiff is, as I apprehend, almost univer-
sally considered and understood to be " the *sum in controversy*"
when denied by the defendant: and never the sum found due by the
jury, as has been alleged here by the counsel for the plaintiff in
error. Suppose the verdict of the jury to be given generally for the
defendant, can it be said with propriety or truth, that there was no
sum at all in controversy, though the sum demanded exceeded
one hundred dollars, and the evidence adduced on both sides,
when all taken together, was such as to make the claim of the
plaintiff one of doubtful cast, to say the most against it that could
be said. Or suppose the action to be an ejectment brought in the
Court below for a lot of ground admitted by all to be worth
one thousand dollars, but upon trial a verdict is given for the defen-
dant, could it be said that the *lot* was not *in controversy?* surely not.
Or suppose the action to be debt, founded upon an obligation, given
by the defendant to the plaintiff, for the payment of one thousand
dollars, and upon the trial a verdict is given by the jury for the
defendant; shall it be said that there was no sum in controversy, or
that the sum in controversy in such case did not exceed one hundred
dollars; that, therefore, the Court had no jurisdiction; and, that;
having no jurisdiction, they would have of course no authority to
render a judgment upon the verdict, but be compelled to arrest it;
so that the defendant would have to go out of Court without his
costs, subject to be vexed and harrassed with another action in a
Court having jurisdiction of the matter. This Court then would
seem to be the only one that the plaintiff could resort to in such
case, where the defendant was not to be found without the city and
county of Philadelphia, because by the act already recited in part,
we have seen that the original jurisdiction of the Court of Common
Pleas of the City and County of Philadelphia, in all civil actions,
where the sum in controversy exceeds one hundred dollars, is taken
away. Nor can the plaintiff in such case, should he desire it, sue
before an alderman or justice of the peace, because he claims a
thousand dollars, a sum greatly beyond their jurisdiction. The
defendant then, after having beat the plaintiff out fairly in the
District Court, is dragged into this Court to answer a second time
to the same demand. It is therefore easy to perceive that the con-
struction contended for by the counsel for the plaintiff in error,

(Rodman v. Hutchinson.)

would be attended with great practical inconvenience, to say the least of it. We are therefore of opinion that the *sum actually demanded* by the plaintiff in the Court below, of the defendant, must be taken to be the sum *in controversy*, according to the true meaning of the act, and regarded as the test of jurisdiction. But even should it be deemed advisable to prevent plaintiffs from suing in the District Court, by demanding a sum exceeding one hundred dollars, merely for the purpose of giving the Court jurisdiction, where it shall appear plainly from circumstances, that they must be conscious themselves that their claims do not exceeed that sum, such preventive power, perhaps, could be exercised with more advantage, so as to promote the ends of justice, by the District Court itself. Upon the whole, we are satisfied that the District Court had jurisdiction of the cause; and unless they had set the verdict aside, with a view, for some good reason, to give the parties a second trial, it was their duty to render a judgment upon the verdict.

We come now to the second question, were they right in giving the plaintiff below a judgment for costs as well as the amount of the damages assessed by the jury? There does not appear to be any thing in the act of 1811 referred to above, which restrains the Court from giving the plaintiff a judgment for full costs, in any case, upon a verdict in his favour. But it is alleged that the District Court is, at most, but a substitute for the Court of Common Pleas of the City and County of Philadelphia, the judges of which, on account of the great accumulation of business, had become unable to perform it speedily, together with the increased business also, that devolved upon them as an Orphans' Court and Court of Quarter Sessions of the Peace. That such accumulation of business furnished the occasion for the establishment of the District Court cannot be denied, because the preamble of the act, under which it was enacted, shows that it was so. From this it is argued, that as the original jurisdiction of the Common Pleas in all civil actions, whether real, personal or mixed, was transferred to the District Court, and for the trial thereof, the " same powers, authorities and jurisdiction," as were then vested by law in the Common Pleas, were given to the District Court, it must be taken that these " powers, authorities and jurisdiction," are to be exercised by the District Court in the same manner and form as required of the Common Pleas, and subject to the like restrictions and regulations as imposed upon that Court. And as the plaintiff below, providing the jurisdiction and authority of the Court of Common Pleas of the City and County of Philadelphia had remained, and she had brought her suit there, as she has done in the District Court, with the same result attending it, as to the amount of the verdict, would not have claimed a judgment for costs, having made no oath or affirmation before obtaining the original writ, as directed by the 26th section of the act of the 20th of March, 1810, giving

(Rodman *v.* Hutchinson.)

justices of the peace and aldermen of the city of Philadelphia, juris-
diction, " of all causes of action arising from contract either expressed
or implied, in all cases where the sum demanded is not above one
hundred dollars, except in cases of real contract, where the title to
lands or tenements may come in question, or actions upon promise of
marriage" so neither was she entitled *to* recover her costs in the
Court below. The purport of the oath or affirmation, which is
required by this section to be made before obtaining the original
writ, and to be filed in the *prothonotary's office* of the county,
whence the writ shall be sued out, is that the party making it, truly
believes the debt due or the damages sustained, exceeds the sum of
one hundred dollars. By this section it is further enacted, that if a
plaintiff omitting to have such affidavit or affirmation made and
filed as stated, shall obtain a verdict or judgment, which without
costs of suit, shall not amount to more than one hundred dollars, he
shall not recover costs. This course of reasoning is certainly not
without considerable force; and if it were, as the counsel for the
plaintiff in error has further contended, that the act of 1810, giving
to aldermen and justices of the peace jurisdiction, and the act of the
following year, establishing the District Court for the City and
County of Philadelphia, were acts *in pari materia* and therefore to
be construed as parts of the same act, the conclusion to which he
asks the Court to come would be, perhaps, almost irresistible. But
we do not see that such connexion necessarily exists between the
two acts, as to require them to be considered as one or parts of the
same act: the latter has no express reference whatever to the for-
mer; nor for the purpose of carrying into effect any thing that is
thereby directed or required, does any reference seem to arise by
implication. It is true there is a reference to the Court of Common
Pleas of the City and County of Philadelphia, and to the powers,
authorities and jurisdiction with which it was invested; and a trans-
fer or grant of the same powers, authorities and jurisdiction to the
District Court, in the cases therein specified; but then it is without
any qualification or restricion, other than the one already noticed in
the proviso to the first section of the act. And although the Court
of Common Pleas of the City and County of Philadelphia was
embraced by the 26th section of the act of 1810, and would have
been bound and governed by it, had its jurisdiction over this case
remained with it, and the suit been brought and tried there, yet as
there is no direct reference to this section of the act of 1810; nor,
indeed, to any part of the act by the legislature in the act of 1811,
establishing the District Court: and as the act of 1810, in its provi-
sions does interpose or throw some difficulties in the way of the
parties obtaining a trial by jury as provided by the constitution,
which declares that " trial by jury shall be as heretofore, and the
right thereof remain inviolate," we are inclined to think that under

(Rodman *v.* Hutchinson.)

this view of the question and the acts of the assembly, the legislature did not intend to impose any restriction, such as is contained in 26th section of the act of 1810, upon plaintiffs obtaining verdicts for a sum not exceeding one hundred dollars. The judgment is therefore affirmed.

Judgment affirmed.