[ PHILADELPHIA, FEBRUARY 20TH, 1840. ]

RISING and Another *against* PATTERSON and Others.

IN ERROR.

In an action in the District Court for the City and County of Philadelphia, brought by the holder against the drawer of two bills of exchange, for $500 each, which had been protested for non-payment, the defendant filed an affidavit of defence in the following words: "The two bills of exchange, whereof copies have been filed of record in this action, were, at the time of their maturity, owned by S. W. & P. C. T., the payees: and these instruments being unpaid, said payees entered into an agreement with them (said defendants) to pay them $1900 in Tennessee money, in full satisfaction of six drafts of $500 each, (two of which are now sued out in this action.) Under this agreement, defendants made some payments on account of the compromise stipulated as above, and have tendered the liquidation in full upon the terms specified, and now are, (as they have at all times since been,) ready to comply with their part of the contract. The draft in question, if it be now the property of the plaintiffs, must have become so since the making of the above agreement, which, having been entered into subsequent to the maturity of the paper, must be binding upon the plaintiffs. Deponent hopes and expects to prove on the trial that the plaintiffs are not the owners of said paper, but that the same actually belongs to said Messrs. T., who hope, by this action, to avoid their contract entered into as above." *Held,* that the District Court was right in giving judgment for want of a sufficient affidavit of defence.

ERROR to the District Court for the City and County of Philadel-

(Rising v. Patterson.)

phia, to remove the record of an action on the case, brought by Robert Patterson, Wm. C. Patterson and James E. Negus, trading under the firm of Robert Patterson & Co., against Daniel B. Rising and James W. Harris, trading under the firm of Rising & Harris.

The plaintiffs filed the following copies of the bills of exchange upon which the action was brought.

" Exchange for $500.          No. 676.    Nashville, Feb. 15, 1837.

Sixty days after date of this first of ·exchange, (second of same tenor and date unpaid,) pay to S. W. & P. C. Tully, or order, five hundred dollars, for value received, and place the same to account.

RISING & HARRIS.

To Mr. Samuel Comly, Philadelphia."

" Accepted, payable at Philadelphia Bank, five hundred dollars.

SAMUEL COMLY."

(Endorsed,) S. W. & P. C. TULLY.

" No. 672.    Nashville, February 15, 1837.

Sixty days after date of this first of exchange, (second of same tenor and date unpaid,) pay to S. W. & P. C. Tully, or order, five hundred dollars, for value received, and place the same to account.

RISING & HARRIS.

To Mr. Samuel Comly, Philadelphia."

" Accepted, payable at Philadelphia Bank, five hundred dollars.

SAMUEL COMLY."

(Endorsed,) S. W. & P. C. TULLY.

On the 11th ·day of October, 1838, an affidavit of defence, was filed as follows:

" D. B. Rising, one of the above defendants, being duly sworn, doth depose and say, that there is a just and legal defence to the plaintiffs' claim urged in this case. The two bills of exchange, whereof copies have been filed of record in this action, were, at the time of their maturity, owned by S. W. & P. C. Tully, the payees, and these instruments being unpaid, said payees entered into an agreement with them, (said defendants,) to pay them nineteen hundred dollars in Tennessee money, in full satisfaction of six drafts of five hundred dollars each, (two of which are now sued out in this action.)   Under this agreement, defendants made some payments on account of the compromise stipulated as above, and have tendered the liquidation in full upon the terms specified, and now are, (as they have at all times since been,) ready to comply with their part of the contract.   The draft in question, if it be now the property of the plaintiffs, must have become so since the making of the above agreement, which, having been entered into subsequent to the maturity of the paper, must be binding upon the plaintiffs.   Deponent

hopes and expects to prove on the trial, that the plaintiffs are not the owners of said paper, but that the same actually belongs to said Messrs. Tully, who hope, by this action, to avoid their contract entered into as above."

The plaintiffs obtained a rule to show cause why judgment should not be given for want of a sufficient affidavit of defence, which, after argument, was made absolute; whereupon this writ of error was taken: and on the return of the record the following errors were assigned.

" 1. The Court erred in deciding that the facts laid in the affidavit, would not, if proved before a jury, have been a defence to this suit.

2. The Court erred in deciding that if such an arrangement was made, as is stated in the affidavit, the plaintiffs in error were not discharged; when they had in part performed their agreements entered into, and offered in due time to perform that portion which they had not effected, while the defendants in error refused to keep their agreements, and had brought this suit in defiance thereof.

3. The Court erred in deciding that the plaintiffs below were entitled to a judgment; when the affidavit set forth that the bills on which suit had been brought were not the property of said plaintiffs."

Mr. *Guillou,* for the plaintiffs in error.

The Court declined hearing Mr. *Randall,* for the defendants in error.

The judgment of the Court was delivered by

Huston, J.—The proceedings of the District Court, under the act of the 28th of March, 1835, have been matters of difficulty in that Court and this. It is not easy, nay it is very difficult, at once to settle the practice under any act of the legislature introducing many new provisions, or one provision, instead of former practice. The act in question provides that "in all actions instituted in the said Court, on bills, notes, bonds or other instruments of writing for the payment of money, &c. &c., it shall be lawful for the plaintiff on or at any time after the third Saturday succeeding the several return days hereinafter designated, on motion, to enter a judgment by default, notwithstanding an appearance by attorney, unless the defendant shall previously have filed an affidavit of defence, stating therein the nature and character of the same."

It has been decided, that when the facts set forth in the affidavit are insufficient in law to prevent the plaintiff's recovering, the Court may give judgment as for want of an affidavit of defence. 2 *Wharton,* 233, 8, 265. And again, the defendant's own affidavit, or that

of others conusant of the facts, disclosing any ground of defence in matter of fact, entitles him to a trial by jury in the usual manner. If he present a defence in point of law, he has the benefit of it in a hearing before the Court, as fully as he would if the forms of a demurrer were strictly pursued. Where, on the other hand, the facts disclosed by the defendant present no defence in matter of fact or of law, it is but right that the plaintiff's debt should be secured by a judgment. 2 *Wharton*, 265.

Unless such construction had been given to the law, and is continued, it will be useless. If the facts are stated so vaguely as to leave it doubtful, whether they amount, or do not amount to a defence, the Court, on application, admit a supplementary affidavit to supply dates and give precision to the defence. This is all that could be asked; and this indulgence must be confined by pretty strict rules, or it may do much to defeat the object of the law.

The effect of such agreements as are stated in this affidavit, has been subject to the consideration of Courts for some centuries. See *Co. Lit.* 212 *b.* Payment of a less sum at the day and time, and a receipt in full, in satisfaction of a larger sum, is not a satisfaction of a greater, because it is apparent that a less sum cannot be a satisfaction of a greater; but if a release is given under seal, it imports consideration, and is a good discharge of the whole. Payment of a less sum before the day, or at a different place from that mentioned in the condition, and a receipt in full, is good for the whole. . It is doubtful whether the receipt being under seal or not, is so material as it was when Lord COKE wrote. Then, and for a long time after, no allegation as to consideration, &c. &c., could be heard, against a bond or release under seal. In Chancery in England, and in our Courts, this is now inquired into. In modern times, so large a portion of the business transactions of the world, are evidenced by agreements and memorandums not under seal, that although the rule in precisely the case put, perhaps stands good, yet in many cases small matters make exceptions. Thus, if several creditors agree to give a discharge on receiving so much per cent., it binds all: for the agreements of all are a consideration. *Reay v. White*, (3 *Tyrrwhitt*, 596.)

So, if the sum due is uncertain or contested, an agreement to pay and actual payment of a sum agreed on, though less than the demand, and a receipt in full, is a good discharge of the whole claim. *Wilkinson & Byers*, (1 *Adol. & Ellis*, 106.)

In *Smith's Collection of Leading Cases*, many other examples are put, where such agreements are valid and were enforced, though neither the agreement nor payment were evidenced by writing under seal.

In this state, while I was at the bar, and in two instances since, I have known receipts in full given on receipt of part of the debt. 'We always do it,' said a respectable merchant to me on one occa-

(Rising *v.* Patterson.)

sion, 'where we believe the storekeeper has been honest or given us all he could.' I have never heard the validity of such acquittance disputed, nor do I believe any of those who have given them ever thought them disputable.

It is not my intention, however, to lay down any rule, or to give any opinion which will preclude even myself on a full argument. All the cases require that the debtor should substantiate what the agreement was, and should prove that he has complied on his part. Agreements in his favour, never complied with on his part, cannot discharge him from his original liability. The affidavit states that " the notes were at the time of their maturity the property of the payees, S. W. & P. C. Tully; and these instruments being unpaid, said payees entered into an agreement with them, (the defendants) to pay them nineteen hundred dollars in Tennessee money, in full satisfaction for the six drafts of five hundred dollars each, two of which are now sued in this action. Under this agreement the defendants made some payments on account of the compromise stipulated as above, and have tendered the liquidation in full upon the terms specified, and now are, as they have at all times since been, ready to comply with their part of the contract." Now this may be all true, and yet not amount to a defence under the decisions most favourable to such agreements. It does not state whether the nineteen hundred dollars was to be paid at once, or by instalments; it does not state that if by instalments the sums paid were at the times stipulated, nor to the amounts agreed on; nothing can be more vague than the expression " the defendants have made some payments on account of the compromise:" and again, "have tendered the liquidation in full upon the terms specified:" now it would have been as easy to say, if the facts would warrant it, " at the times agreed on, and at the place agreed on." The affidavit may be, in one sense of the word, true, and yet less than the amount agreed to be paid, was paid at each time when any was paid; and the tender may have been made in the sums specified, but long after the time proposed in the offer, and acceded to by the other party.

On the law as settled, these defects are apparent in this affidavit. There was no application to file a supplementary affidavit to give precision to the defence. In the words quoted from 2 *Wharton*, 265, the facts disclosed present no defence in fact or law, and the judgment is affirmed. It is not brought within the original rule, that a less sum was to be paid or was paid, before the six drafts were payable: nor is it stated that the payment of the nineteen hundred dollars was to be at a different place; nor that the agreement was in all respects, as to times and amounts, complied with or tendered.

Judgment affirmed.