*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

## BRIGHT & CO. v. MURRAY, WINLACK & RANDALL.

A writing not under seal imports no consideration.

Granting time for the payment of debts due, or the payment of a less for a greater sum, on unexecuted agreements, held not to be binding for want of consideration.

But the exception to the rule is when two, or more, creditors agree to give time for their respective claims, each acting upon the faith of the others. Such agreements are binding—the consideration of the contract of each creditor being found in the agreement of the other creditors.

### No. 621, December Term, 1871.

Opinion delivered 19th February, 1872, by

WALKER, J.    A judgment in the above case was entered for the plaintiff on the 11th day of December, 1871, for $1,271.37, for want of an appearance.

The defendants, on the 8th of January, 1872, filed in court an affidavit setting forth that $500 to $700 should not be included in the above judgment, under the terms of a written agreement dated 14th January, 1870, signed by plaintiffs and other creditors of the firm ; that the first payment of this sum, to wit, one-third thereof, would not fall due until 1st January, 1873, and that until that time the plaintiffs, with the other creditors of the firm, had agreed that no suit or action should be instituted against the defendants for these claims. This agreement is signed by all the creditors of the firm, other than creditors for wages of labor, and is without seal. Time is given to the defendants to pay their indebtedness, but no monied consideration is set forth in the writing.

Upon the presenting of this affidavit, a rule was granted to show cause why the judgment should not be opened, and the defendants let into a defense to the amount of the claim due by them previous to 14th Jan., 1870.

Upon the argument of this rule the plaintiffs contended that, as the agreement in question contained no consideration for granting time to

the defendants, it was *nudum pactum*, and that the plaintiffs might at any time proceed for the amount of their claims.

The instrument not being under seal, it imports no consideration, and as none is expressed in the paper, it is not binding. Many authorities have been cited by counsel to sustain this position, and we think that is, no doubt, the law as regards debtor and creditor, in all matters of accord and satisfaction.

"If a release be given under seal, it imports a consideration, and is a good discharge of the whole." Resing v. Patterson, 5 Wh. 316.

And it is contended here that as the paper shows it was intended to be sealed, it must be so regarded. In Miller v. Binder, 4 Casey 489, when there was no mention of the seal in the writing, but a seal was attached, it was held to be a sealed instrument. And again, it was held that a seal made with a flourish of the pen is sufficient. Long v. Ramsey, 1 S. & R. 72.

Where the parties intended to attach their seal and did not, it was held that the writing was not a specialty. Taylor v. Glaser, 2 S. & R. 502.

The agreement, then, without a seal imports no consideration. So much as to the first point of the agreement.

As to the second point, the law is well settled. When a creditor agrees to take less than the sum due him, or gives time for the payment of the debt, there is no consideration for the agreement unless the accord be executed.

The reason is, that the payment of a less sum of money cannot discharge a greater. Sprumberger v. Dentler, 4 Watts 126 ; Rice v. Morris, 4 Wh. 248 ; Dederick v. Lemoon, 9 Johnson 333. Many other authorities might be cited if necessary. This, then, is the established rule of law.

"But the exception to these rules is, when a number of creditors agree to accept of a common debtor a composition amounting to less than their entire demand. Such agreements are binding, the consideration for the contract of each creditor being found in the agreement of the other creditors." Hearn v. Kiehl, 2 Wright 150.

"When the plaintiff had, by his undertaking to discharge the defendant, induced any other creditor to accept a composition and discharge the defendant from further liability, he could not afterwards enforce his claim, since it would be a fraud upon that creditor." Wood v. Roberts, 2 Struker 417 ; 3 English Common Law Rep. 411.

"When a debtor entered into an agreement with his creditors, whereby they (the creditors) agreed to receive £20 per cent. in satisfaction of their several demands, and release the remainder in consideration that one-half of the composition should be secured by the acceptance of a cer-

tain person (also a creditor), which security was given, and paid when due. Held that such agreement was binding on the plaintiff, one of the creditors, though the agreement was not under seal, and though he were the last to sign." Stienman et al. v. Magnus. 11 East 191.

"When a debtor being unable to meet the demands of his creditors, they signed an agreement to accept payment of two-thirds of his annual income to a trustee, and give warrant of attorney as a collateral security, it was held that it was a case where each creditor was bound, in consequence of the agreement of the rest."

Littledale, J., says: "It would be unjust that the plaintiff, by this action, should prejudice the other three creditors, each of whom signed the agreement, and has since neglected the recovery of his demand, on persuasion that none of the parties to the memorandum would proceed against the defendant." Good v. Cheiseman, 2 B. & A. 328 ; 22 English Common Law Rep. 91.

So if several creditors agree to give a discharge on receiving so much per cent., it binds all, for the agreements of all are a consideration. Resing v. Patterson, 5 Wh. 319.

In Smith's Leading Cases, vol. 1, page 443, etc., this doctrine has been fully laid down, as exemplified from the doctrine of Cumber v. Wane. There it is held, that "where a debtor has induced a number of creditors to accept a composition amounting to less than their demand, such an agreement, if entered into by a number of creditors, each acting on the faith of the engagement of the others, will be binding upon them ; for each, in that case, has the undertakings of the rest as a consideration of his own undertaking."

It is unnecessary to cite authorities upon this point, for it clearly appears to be the exception to the rule of law, and adopted by the current of authorities.

The rule to show cause is therefore made absolute.

*Geo. Chambers*, for plaintiff; *Geo. R. Kaercher*, for defendant.