# In the Court of Common Pleas of Schuylkill County.

## McPHILIPS *v*, PENN'A. CATTLE INS. CO.

Motion for Judgment in default of a plea after two weeks notice.

1. A plea filed any time before judgment is in time.

2 Judgment for want of an affidavit of defence may be taken 20 days after the return day, except where the twentieth day falls on Sunday, when the whole Monday following is allowed.

Opinion filed Oct. 27, 1873, by

WALKER, J.   This motion for judgment in the above case, was upon failure to plead after two weeks notice under the 77th rule of court.   The rule was entered on the 13th August, 1873, and served on defendant on 22, September, 1873.   On 20th October 1873 upon proof of service, the plaintiff asked for judgment.   At the same time the defendant's counsel presented his plea and desired to have it filed.   This was objected to by the plaintiff, and the question here is whether the defendant is in time.   There has been no established practice upon this subject.   The object of the rule of court was to require parties to have their cases ready for trial, when reached.

Under the law regulating affidavits of defence, judgment may be taken on any motion day in court twenty days after the return day—*except where the twentieth day falls on Sunday in which case it has been held that parties have the whole of Monday following to file their affidavits*; Gosweiler Estate 3 Pa. Rep. 200 ; Gosweiler Est. is overruled in Thomas v. Affrecks 4 Harris 14 but reinstated in Cromlien v. Brink 5 Casey 525 and cases there cited.

Judge Porter there says, that "*a day in the sense of the statute has neither length nor breadth but simply position without magnitude.*"   See also Marks v. Russel 4 Wr. 372, and in computing, time what days are computed ; See S. & R. 411, 5 Harris 48, 12 Harris 272.

It has been decided by the Supreme Court that an affidavit filed any time before judgment though after the twenty days, is in time ; Gillaspie y. Smith, 1 Harris 65.

Even a supplemental affidavit if filed before judgment is in time ; West v. Simmons, 2 Wharton 261 ; Bloomer v. Reed, 10 Harris 51.

Following the analogy of the reason in those cases, we think that if the plea of the defendant is filed at any time before judgment it is not too late.

This is a fair construction of the rule of court and in favor of the trial by jury.

Motion refused and defendants' plea permitted to be filed.