# Bloomer *versus* Reed.

Though a rule of Court authorized the plaintiff to enter judgment by default, any time after the return day and ten days' service of the writ, provided he has filed a declaration (if one be necessary), notwithstanding an appearance by attorney, unless the defendant should previously have filed an affidavit of defence, stating therein specifically and at length the nature and character of the same; it was *Held*, that a supplemental affidavit stating a sufficient defence, was entitled to be filed at any time after the argument of the rule for judgment, and *before judgment had been entered*.

[Bloomer *v.* Reed.]

ERROR to the District Court of *Allegheny County*.

This was an action of debt to January Term, 1853, by Robert M. Reed and Thomas McCombs against Elisha Bloomer, on a bond.

A declaration was filed, and an affidavit of plaintiff's attorney, as to the amount due, was filed at the time of the issuing of the writ.

On 6th January, 1853, an affidavit of defence was filed. On 8th January, on part of the plaintiffs a rule was obtained to show cause why judgment should not be entered for want of a sufficient affidavit of defence. It appeared that after the argument of the rule but before the decision upon it, viz. on the 29th January, 1853, a supplemental affidavit of defence was filed.

February 19, the Court, after *argument*, refused to permit the supplemental affidavit to be filed, and the rule for judgment was made absolute.

The 66th rule of Court, sec. 2, was as follows:

" In all actions hereafter in the Court, on bills, notes, bonds, or other instruments of writing for the payment of money, or book accounts; in all actions on contracts, for the loan or advance of money, whether the same be in writing or not; in actions of *scire facias*, and on liens of mechanics and material men (under the Act of 17th March, 1836, and the various supplements thereto), and in all actions of debt or *scire facias* on recognisances, judgments, or other records,—the plaintiff may enter judgment by default, any time after the return day and ten days' service of the writ, provided he has filed a declaration (if a declaration is necessary), and provided the writ has been duly served—notwithstanding an appearance by attorney, unless the defendant should previously have filed an affidavit of defence, stating therein specifically and at length, the nature and character of the same. *Provided*, That in all such cases no judgment shall be entered by virtue of this rule, unless the said plaintiff shall file with his *precipe*, in the office of the Prothonotary of the said Court, an affidavit, stating the amount verily believed to be due from the defendant, and a copy of the instrument of writing, book entries, record or claim, or a statement or specification thereof (if the same be not in writing), except mortgages, mechanics' liens, and recognisances, or other records of this Court, on which action has been brought."

Error was assigned to the refusal to allow the supplemental affidavit to be filed, and to the rendering judgment.

*Stanton*, for plaintiff in error.—The case of West *v.* Simmons, 2 *Wharton* 261, was referred to as authority for receiving the supplemental affidavit. Also the case of Riley *v* Bullock, 2 *Whar. Dig.* 434 ; 1 Troubat & Haley, 328 ; 4 *Barr* 495, Hill *v.* Gaw, *Id.* 332.

[Bloomer *v.* Reed.]

*Geyer*, for defendants in error.—It was, *inter alia*, intimated that the supplemental affidavit in this case was not filed till after the argument of the rule to show cause ; whereas, in the case of West *v.* Simmons, 2 *Whar.* 263, it was filed before the hearing of the motion.

The opinion of the Court was delivered September 27, by

Knox, J.—Reed and McCoombs, defendants in error, brought an action of debt in the District Court of Allegheny, to recover the amount of a bond given by the plaintiff in error, Bloomer.

The defendants in the action filed an affidavit of defence within the time allowed by the rules of Court, which was deemed insufficient by the plaintiffs, and they obtained a rule to show cause why judgment should not be entered notwithstanding the affidavit.

After an argument on the rule, but twenty days before its determination by the court, the defendants filed a supplementary affidavit, which discloses a substantial defence, and which would preclude the judgment if the court were bound to receive it.

The District Court refused to permit the supplemental affidavit to be filed, and made the rule for judgment absolute.

The object of the rule requiring affidavits of defence, and that the nature of the same shall be specifically set forth, is to prevent unnecessary delay; but to prevent delay is not the sole object of courts of justice. Defendants have rights as well as plaintiffs, and whilst justice should be administered promptly it should be done, whenever practicable, without deprivation of right. To delay justice is an evil—to deny it, is a greater evil.

In the supplementary affidavit the defendant's agent states that by inadvertence he had omitted to set forth his grounds of defence fully in the original one. Was this mistake irremediable? The court below thought it was, and gave judgment for the entire amount of the plaintiff's claim, notwithstanding the allegation under oath, that defendants' set-off would extinguish the whole of it. There is no feature in our system of pleading, which is more generally approved than that authorizing amendments in any stage of a cause. It commends itself to the minds of all persons as eminently calculated to promote the ends of justice, and its spirit may be safely infused into the preliminaries of judicial proceedings not strictly within the letter of the statute regulating the formation of issues. The rule of court under which this judgment was entered declares " That the plaintiffs may enter judgment by default any time after the return-day and ten days' service of the writ, provided he has filed a declaration, unless the defendant should have previously filed an affidavit of defence," &c. Without doing violence to the language of this rule, the word " previously" may be referred to the entry of judgment rather than the time when it

[Bloomer *v.* Reed.]

might have been entered. But admitting the contrary construction, the rule nowhere prohibits the filing of an affidavit after the ten days have expired from the service; nor does it authorize a judgment after a sufficient affidavit has been filed.

A defendant has a certain time to enter bail to stay an execution upon a judgment, and if not entered within the period an execution may issue; but if prior to its issue the bail is entered, although beyond the time, the writ cannot go forth. So in the present case. The plaintiff was entitled to a judgment for want of a sufficient affidavit within ten days from the service of the writ; but if the affidavit was actually made and filed before the judgment was obtained, it was in time to save the default, and prohibit the summary action of the court.

In the case of West *v.* Simmons, 2 *Wharton* 261, an affidavit of defence was filed, and a rule was obtained for judgment notwithstanding the affidavit, and pending the rule the defendant placed in the prothonotary's office a supplemental affidavit; it was held that such affidavit was admissible, and, if sufficient, that judgment ought not to be entered against the defendant.

The only variance between the facts of that case and this is, that there the affidavit was filed before the argument on the rule for judgment, and here after the argument was heard, but twenty days before the rule was determined.

We can perceive no substantial difference; and upon the authority of that case, as well as upon principle, we are of the opinion that whenever a sufficient affidavit of defence is offered before a judgment has actually been entered, it is the duty of the court to receive the affidavit, and permit the cause to go to trial in the ordinary manner.

Judgment reversed and <i>procedendo</i> awarded.