## Bernstein *v.* Brown, Appellant.

*Affidavit of defense—Supplemental affidavit of defense—Judgment—Striking off judgment.*

The court of common pleas cannot be charged with error in refusing to strike off a judgment entered for want of a sufficient affidavit of defense, although the record shows that after the rule was argued a

supplemental affidavit of defense was filed, if it appears that such supplemental affidavit was filed without leave of court, and that judgment had been entered without knowledge of the court of such filing.

Argued Oct. 8, 1913. Appeal, No. 28, Oct. T., 1913, by defendant, from order of C. P. No. 5, Phila. Co., June T., 1912, No. 349, discharging rule to strike off judgment in case of Samuel Bernstein and Jacob Lippman, trading as Bernstein & Lippman, v. Solomon B. Brown. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to strike off judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to strike off judgment.

*Louis Bernstine,* with him *Joseph A. Richman,* for appellant.

*David S. Malis,* for appellee.

OPINION BY RICE, P. J., February 20, 1914:

The plaintiffs took a rule for judgment for want of a sufficient affidavit of defense, which, after argument, the court made absolute. The affidavit was insufficient, as the opinion filed by the court clearly showed, and the correctness of that conclusion is not now questioned. But after the rule had been argued and submitted, and while the matter was under judicial consideration, the defendant filed in the prothonotary's office a supplemental affidavit of defense. This was done without leave of court or notice to the court of the defendant's intention or desire to file it, and without presenting the original or a copy of it to the court for its consideration, or even informing the court that it had been filed. Under these circumstances, the parties must be deemed to have submitted the case to the court upon the first

affidavit, and, as that was insufficient, the judgment entered was perfectly regular. Upon a showing of facts justifying exercise of its equitable powers, the court could have opened the judgment; but the judgment was neither void nor voidable, and, therefore, the court was right in discharging the defendant's rule to strike it off. The facts relative to the submission of the case to the court plainly distinguish it from the cases of Bordentown Banking Co. v. Restein, 214 Pa. 30; West v. Simmons, 2 Wharton, 261; and Bloomer v. Reed, 22 Pa. 51, upon which appellant's counsel rely. In each of those cases a supplemental affidavit was offered, or at least brought to the attention of the court, before judgment. Here, neither of these things was done, and surely the judge to whom, after argument, the sufficiency of an affidavit of defense has been regularly submitted, is not in duty bound, of his own motion, to search the files of the prothonotary's office to ascertain whether a supplemental affidavit has been filed after the submission of the case. Granting that the defendant was not required to obtain leave of court to file the supplemental affidavit, it is nevertheless clear that, if it was the intention or desire of the defendant to have it considered by the court, he ought to have brought it to the court's notice in some way.

The orders referred to in the assignments of error are affirmed at the costs of the appellant.