## Double-Day Hill Electric Company v. Egan et al.

Practice Act of 1915—Amended affidavits of defence.

Since the enactment of the legislation known as the Practice Act of 1915, an amended affidavit of defence may not be filed as a matter of course or under any claim of right, but may be permitted to be filed by the court after an application has been made addressed to the sound discretion of the court.

Motion to strike off amended affidavit of defence. C. P. Westmoreland Co., May T., 1921, No. 368.

Gregg & Gregg, for plaintiff; Smith & Best, for defendants.

Copeland, P. J.—The plaintiff's statement of claim was filed in this case on March 18, 1921, to which statement Carl Del Vitto, one of the defendants, filed an affidavit of defence on March 29, 1921, and Edward A. Egan, the other defendant, filed an affidavit of defence on April 11, 1921; this case being called for trial at the May Term, 1922. Counsel for defendants asked leave of the court to file an amendment to the affidavit of defence theretofore of record, which amendment added an additional paragraph, setting forth the bankruptcy proceedings of Edward A. Egan, and which amendment the court, in the exercise of its discretion, permitted to be filed.

The plaintiff then moved the court to strike off the amendment to the affidavits of defence from the record, alleging, first, that the matters averred in the amendment to the affidavits of defence were known to the defendants at and before fifteen days from the date of the service of the statement of claim. The bankruptcy proceedings set forth in the amendment to the affidavit of defence having been filed against Edward A. Egan, one of the defendants, his knowledge of the time of the filing and the matter mentioned therein would be presumed. The defendant, Carl Del Vitto, being no party to the bankruptcy proceedings, and having, according to his affidavit of defence, long since

3 D. & C.

parted with any interest which he may have had in the Jeannette Electric Company, registered. The time at which Carl Del Vitto obtained knowledge of the bankruptcy proceedings against Edward A. Egan, trading as the Jeannette Electric Company, which are the matter set forth in the amended affidavit of defence, would be a matter of fact to be established by testimony either of Carl Del Vitto himself as to the manner and time such knowledge was obtained by him, or of such persons as may have given him notice of such proceedings, and it cannot be presumed by the court that such knowledge was had by Carl Del Vitto at and before fifteen days from the date of the service of the statement of claim.

The other reasons given in the motion to strike off the amendment raise the question of the right of a defendant to file an amended affidavit of defence.

Since the enactment of the legislation known as the Practice Act of 1915, the amended affidavit of defence was not filed as a matter of course or under any claim of right, but was permitted to be filed by the court after an application had been made addressed to the sound discretion of the court.

We direct counsel's attention to the case of Andrews v. Packing Co., 206 Pa. 370; Bloomer v. Reed, 22 Pa. 51, and Pennsylvania & New York R. R. Co. v. Bunnell, 81 Pa. 414. In these cases counsel will find that the court had ample authority to grant permission to file an amended affidavit of defence.

In the case of Woonsocket Napping Machinery Co. v. Loewenstein, 27 Dist. R. 206, it was held that common law power of the court is not abridged by the provisions of the Practice Act, but, on the other hand, the act itself expressly provides for the allowance of any reasonable amendment.

Section 21 of the act states: "The court, upon motion, . . . may allow an amendment or a new pleading to be filed upon such terms as it may direct."

Section 22 of the act states: "The court, in its discretion, upon motion, . . . may extend the time fixed by this act for the filing or service of any pleading."

"We think the provisions of the act itself warrant the court in its discretion in permitting the filing of this additional affidavit of defence. We must give the provisions of the act allowing amendments a liberal and not a narrow construction, especially in the light of the common law power of the courts."

The case of Greth v. Fisher, 29 Dist. R. 836, in which the amendment of an affidavit of defence was denied, is to be distinguished from that now before the court for consideration, for the reason that in the Greth case the amendment was refused by the court in the exercise of its discretion, because of the character of the amendment, and for the reason that the same did not comply with the Rules of Court of Berks County, which provided: "Nor, upon such trial, shall the defendant be permitted to interpose any defence which is not raised by his affidavit of defence, unless it be such as has arisen since the filing thereof, in which case a specification of it by supplemental affidavit of defence is required to be filed, upon leave of court or a judge thereof, as soon as reasonably may be after it has arisen, and to be forthwith served upon plaintiff or his counsel of record."

Our rules of court provide "that either party, at any time, not less than twenty days before the date the cause is set down for trial, may supplement his statement of cause of action or affidavit of defence upon notice to the adverse party, accompanied by a copy of the amendment. Within twenty days of the date set for trial, no such amendment shall be filed except in open court by special leave of the court, and saving to the adverse party the right to have the cause continued, at the costs of the party filing the same, at any time before trial and within five days after notice by copy of amendment served."

Double-Day Hill Electric Company *v.* Egan et al.

The amendment to the affidavit of defence which the plaintiff desires to have stricken from the record was filed in conformance with the rules of court of our county, and was permitted to be filed by the court in the exercise of its discretionary power, and the motion to strike off, therefore, must be refused.

And now, to wit, Nov. 13, 1922, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the motion to strike off the amendment to the affidavits of defence be, and the same hereby is, refused and the parties are directed to go to trial.

From William S. Rial, Greensburg, Pa.