## Dever *v.* Kathrins and Golen, Appellants.

*Practice, C. P.—Affidavit of defense—Supplemental affidavit of defense—Refusal to allow—Rules of Court of Philadelphia County.*

The action of the trial court, in refusing to allow an additional affidavit of defense to be filed, when a case was called for trial will be sustained, where it appeared that the defense was one which could properly have been made at the time the plaintiff's statement was filed.

Rule 60 of the Rules of Court of Philadelphia County providing that amendments to pleadings may only be made with leave of court, and that a copy of the amendment shall be served on the adverse party ten days before the trial, is intended to expedite the administration of justice and avoid unreasonable delay. Where a defendant has failed to comply with this rule and seeks to file a supplemental affidavit of defense, when the case is called for trial, it is not error to refuse to allow the same.

Argued October 4, 1923. Appeal, No. 56, Oct. T., 1923, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1921, No. 2823, on verdict for the plaintiff in the case of Daniel Dever v. Alex. Kathrins and Harry Golen, trading as Kathrins and Golen. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-THROP, JJ. Affirmed.

Assumpsit to recover rent due on a lease. Before
SHOEMAKER, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $723.52 and judg-
ment thereon. Defendant appealed.

*Error assigned,* among others, was refusal to allow de-
fendants to file a supplemental affidavit of defense.

*Evans, Forster and Wernick,* for appellants.

*Frank Rogers Donahue,* for appellee.

OPINION BY PORTER, J., November 19, 1923:

This is an action of assumpsit upon a written lease of
the premises, Nos. 114 and 116 North 22d Street, Phila-
delphia, to recover rent for four months, during which
the premises were actually occupied under the lease.
The statement of claim with notice to file an affidavit
of defense having been duly served on June 23, 1921,
and the defendants having failed to file an affidavit of
defense, judgment for want thereof was duly entered on
July 25th. Counsel for the parties, on September 8th,
filed a written agreement that the judgment entered be
opened and the defendants be permitted to file an affi-
davit of defense, and the court so ordered. Harry Golen,
one of the defendants, filed an affidavit of defense alleg-
ing that the partnership between the defendants had been
dissolved and that the plaintiff had agreed to release
the said Golen from any further liability on account of the
lease, prior to the time for which plaintiff alleged the
right to recover in this action. The matter thus stood
until the case was called for trial, on November 14, 1922,
when the defendants asked leave to file a supplemental
affidavit of defense alleging that they had been unable to
use the premises, which had become out of repair and the
plaintiff had refused to comply with the demands of the

defendants that he repair the building. This was an attempt to present an entirely new issue, not suggested by the original affidavit of defense, when the case was called for trial and after it had been at issue for fourteen months. The court below refused to permit the supplemental affidavit of defense to be filed; the trial proceeded, the evidence being confined to the issue raised by the affidavit of defense, and resulted in a verdict and judgment in favor of the plaintiff.

The refusal of the court to permit an additional affidavit of defense to be filed when the case was called for trial is the foundation of all the assignments of error. The learned counsel for the appellants contends that it is the right of the defendants to file a new pleading at any stage of the proceedings before final judgment. It is settled that a defendant has the right to file a supplemental affidavit of defense, at any time during the pendency of a rule for judgment for want of a sufficient affidavit of defense: Franklin Sugar Refining Co. v. Howell, 274 Pa. 190; Bernstein v. Brown, 55 Pa. Superior Ct. 532. The right to thus prevent a summary judgment, without trial, is entirely different from the alleged right to present an entirely new issue, of which the plaintiff has had no notice, when the case is called for trial. If a defendant has the right, without leave of court, to present an entirely new issue every time a case is called for trial, he might indefinitely postpone the disposition of a case. The Practice Act of 1915, P. L. 483, section 21, provides as follows: "The court upon motion may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct." Section 23 enacts that: "The courts of common pleas shall make such rules as they deem advisable for the proper enforcement of this act." These provisions of the statute confer upon the courts a discretion in allowing amendments, and in the exercise of the power conferred the court below has adopted Rule 60,

which is as follows: "Neither party shall be permitted at the trial to make any defense except as set forth in the affidavit of defense, or the plaintiff's reply as the case may be. New matter may be added only by amendment, by leave of court, and a copy of the amendment shall be served on the adverse party or his attorney at least ten days before the day set for trial." This rule was manifestly intended to expedite the administration of justice and to avoid the delay which would necessarily result from permitting a defendant when the case was called for trial to file a pleading which presented an absolutely new issue which the plaintiff would not be in position to meet. By providing that notice should be given to the adverse party at least ten days before the day set for trial, the party thus notified has an opportunity to prepare his case and summon his witnesses in view of the issue to be tried. When a defendant asks leave to file a supplemental affidavit of defense setting forth facts which had been previously unknown to him and of which he could not have acquired knowledge by the exercise of reasonable diligence, it would be perfectly proper for the court to allow the new pleading to be filed. The discretion which the statute confers upon the court is to be exercised for the promotion of justice. The supplemental affidavit of defense which these defendants proposed to file when the case was called for trial averred only facts of which they had knowledge at the time the statement of the plaintiff was served upon them and when Golen filed his original affidavit of defense. The affidavit asserted that the premises had been out of repair, that the defendants had, at the time, notified the plaintiff of that fact; if this were true why did they not allege it within fifteen days after the statement of plaintiff was served upon them, or at least when the original affidavit of defense was filed? We find no warrant in this record for holding that the court below abused its discretion.

The judgment is affirmed.