Jackson *v.* The State Mutual Benefit Society, Appellant.

Argued November 20, 1928.

Before
PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*George J. Edwards, Jr.*, of *Geary & Rankin*, for appellant.—The suit was prematurely brought. Camberling v. M'Call, 2 Yeates 281; Meikle v. Northwestern Natl. Ins. Co., 243 Pa. 557; Bovaird v. Barrett & Son, 78 Pa. Superior Ct. 68; Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180; Barclay v. Barclay, 206 Pa. 307.

*Thomas A. Curren*, for appellee.—Denial of liability under an insurance policy waives the provision that suit shall not be brought within a stipulated time: Curran v. National Life Insurance Company, 251 Pa. 420; Western Pipe Lines v. Home Insurance Company, 145 Pa. 346; Hocking v. Hamilton, 158 Pa. 107. A matter in abatement cannot be raised in an affidavit of defense in bar: Daley v. Iselin, 212 Pa. 279; Mat-

thews v. Glass Company, 14 Pa. Dist. Reports 397; Miller Paper Company v. Keystone Company, 275 Pa. 40; Steel v. Levy, 282 Pa. 338.

OPINION BY GAWTHROP, J., December 13, 1928:

The two cases in which these appeals are taken by the defendants were tried together in the court below. They are sufficiently alike to enable us to dispose of them in a single opinion.

Charles Jackson, the plaintiff in both suits, was the beneficiary named in a policy of life insurance issued by the defendant, The Industrial Health, Accident and Life Insurance Company, on February 1, 1926, on the life of Mabel Nelson. He was also the beneficiary under a beneficial certificate issued by the other defendant, The State Mutual Benefit Society, to one of its members, the said Mabel Nelson, on February 1, 1926. The insurance was for $250 in each case, but both the policy and the beneficial certificate provide that in the event of the death of the insured after six months from its date and before the expiration of one year from its date only $125 should be payable. Both contracts provide also that no legal action shall be commenced thereunder until sixty days have expired after the filing of proofs of death of the insured, with the insurer, nor after six months from the date upon which such proofs were filed. The insured died September 28, 1926, which was more than six months, but less than one year, after the date of the contracts. Proofs of death were furnished to the defendants on October 4, 1926. Suit was brought on November 9, 1926, before an alderman. Appeals from judgments entered for the plaintiff before the alderman were taken on November 18, 1926, and filed in the court below. On December 8, 1926, statements of the plaintiff's claims for the recovery of $250 in each case were duly filed, to which the defendants filed their affidavits of defense raising three defenses: (1) That the insured

committed a fraud upon the defendants by represent-
ing in her application for the contract that she was
in good health and had never been sick when she was,
at that time, suffering from a fatal disease which
caused her death September 28, 1926; (2) That the
terms of the contracts limit the amount payable to
one half of the face thereof, if death occurred after
six months, but within one year after the date of the
policy; (3) That the suit was prematurely brought, as
the contracts provide that no legal action shall be com-
menced until sixty days shall have expired after the
filing of proofs of death in the chief offices of the de-
fendants. At the trial the defendants offered no evi-
dence, except the transcripts of the proceedings be-
fore the alderman in each case, which showed that
these suits were brought November 2, 1926. The ques-
tion of fraud in procuring the policy was not pressed.
After counsel for the plaintiff conceded that the limit
of liability in each case was $125 and interest, the
court directed verdicts for that amount and refused
defendant's points for binding instructions. Excep-
tions to the refusal of these points were duly taken
and after argument on motions for judgment n. o. v.
the motions were discharged and judgments were en-
tered on the verdicts.

The appellants assert two reasons why the judg-
ments should be reversed and judgments entered in
their favor: (1) That the suits were prematurely
brought; (2) That the defense of fraud was made out
in plaintiff's own presentation of his cases.

It is conceded that the suits were prematurely
brought contrary to the provision of the contracts pro-
viding that no legal action should be commenced until
sixty days from the date of filing proofs of loss in the
chief office of the insurer, unless that defense was
waived by the defendants. A provision of this kind
may be waived by the insurer by denial of liability
prior to the expiration of the time stated: Curran

v. National L. Ins. Co. of U. S. of A., 251 Pa. 420; Western Pipe Lines v. Home Ins. Co., 145 Pa. 346. The plaintiff offered in evidence his attorney's letter to one of the defendants, the Industrial Health, Accident and Life Insurance Company, dated October 4, 1926, stating: "I represent Charles Jackson of this city, who is the beneficiary named in the policy of life insurance written by your company on the life of Mabel Nelson who died on September 28, 1926. I understand from Mr. Jackson that the policy, receipt book, and proof of death were turned over to your agent shortly after his sister's death, and that your company denies liability, and refuses to pay the claim.

Will you kindly advise me whether this matter can be settled amicably? Otherwise, I am compelled to institute suit." To this letter that defendant replied on October 11, 1926, in a letter signed with the name of the company by Henry Reeves, president, as follows: "Your letter in reference to the claim of Mabel Nelson received. We find upon investigation that she was suffering with some stomach trouble before she was insured. That has been found to be a cancer, when she was operated upon. This illness dates prior to the date of her policies. There was also a misstatement in the age given. We are ready to return $11.20, being the entire dues paid." We agree with the court below that while the company's letter is not in express terms a refusal to pay, it is an implied refusal which the plaintiff had a right to treat as notice that the defendant meant it as final and did not intend to pay for the reasons stated in the letter. This amounted to a denial of liability and constituted a waiver of the right of the Industrial Health, Accident and Life Insurance Company to defend on the ground that the suit was prematurely brought. There was no evidence that this provision of the contract of the State Mutual Benefit Society had been waived by it The offer of the letter signed by Mr. Reeves for his

company was properly limited to the suit against that company.

It is urged upon us, however, that the State Mutual Benefit Society waived its right to avail itself of the premature bringing of the suit by filing an affidavit of defense in bar of the action, instead of filing an affidavit of defense in the nature of a demurrer under Section 20 of the Practice Act of May 14, 1915, P. L. 483. The court below adopted this view. This was error. The question of law to be raised by an affidavit of defense filed under section 20 of the Practice Act must arise out of the facts averred in the plaintiff's statement, and not out of the facts first averred in the affidavit of defense: Bovaird v. Barrett & Son, 78 Pa. Superior 68. Where an affidavit of defense raises questions of law, it is but a statutory demurrer, upon the hearing of which the only point to be decided is whether or not, on the facts averred in the statement, it clearly appears as a question of law that plaintiff is not entitled to recover; and any demurrer, not founded upon the averments of the statement, is a speaking demurrer, which from the earliest days has been held to be bad: Steel v. Levy, 282 Pa. 338,341; Stephen on Pleading 62. Conceding that the question whether or not the suit was brought too soon was previously raised by a plea in abatement, (Immel v. Herb, 50 Pa. Superior Ct. 241; 1 Chitty's Pleading 469) such pleas are expressly abolished by section 3 of the Practice Act. Prior to that act a defendant, by a plea in abatement, could challenge his amenability to suit in the jurisdiction where brought and under that act may so do in an affidavit of defense. Defenses heretofore raised by such a plea must be made in the affidavit of defense, but as the statements of claim contained nothing to show that the suit was prematurely brought, for the reasons already stated, that question could be raised only by an affidavit of defense in bar of the action by the alle-

gation of new facts introduced by way of defense, and not by an affidavit of defense in lieu of demurrer under section 20 of the Practice Act. Defendants were compelled to present all their defenses based upon facts not averred in the statement in one affidavit of defense. Therefore, the averment of a defense on the merits in addition to a defense that suit was premature was no waiver of the latter defense. We know of no other way for them to plead it. As the fact that the suit on the beneficial certificate was brought within sixty days after the filing of proofs of loss is conceded, the defendant in that suit was entitled to binding instructions.

The defendants offered no evidence at the trial to support their allegations in their affidavit of defense that the insured made false representations in her application for insurance. They urge that the plaintiff's proofs disclose the fraud. It is sufficient to state that there was no such proof. The court below was right in directing a verdict for the plaintiff against the Industrial Health, Accident and Life Insurance Company. It fell into error in refusing binding instructions for the other defendant.

In No. 339, October T., 1928, the judgment is reversed and here entered for the defendant.

In No. 340, October T., 1928, the judgment is affirmed.