# Vulcan Corporation v. Goldman et al.

*George L. Reed*, for plaintiff; *Caldwell, Fox & Stoner*, for defendant.

HARGEST, P. J., March 28, 1933.—The plaintiff brought suit upon a book account for items consisting largely of heels for shoes furnished from January 2, 1931, to January 4, 1932, aggregating $1,618.43, with credits during the year aggregating $328.83, leaving a balance of $1,289.60.

The defendant filed an affidavit of defense August 23, 1932, claiming credit (a) of $44.74 for black heels; (b) of $74.70 for heels that were not the correct size and style; (c) for an overcharge of 10 cents per dozen pairs on 6,500 dozen

pairs of beechwood heels, amounting to $650; making a total of $769.44; and admitting a balance due the plaintiff of $520.16.

The defendant filed a supplemental affidavit of defense October 10, 1932, without applying to or securing permission of the court, averring (d) that it was entitled to a further credit of $370 because of an overcharge of 15 cents per dozen on 2,000 dozen maplewood heels and the freight thereon; (e) to a credit of $57 on defective heels that were not usable; (f) to a credit of $31.50 on 50 dozen "Henne Cupping Heels" which were not made as agreed upon, aggregating further credits amounting to $458.50, leaving a balance admittedly due of $61.66.

The plaintiff moved to strike off the supplemental affidavit of defense on the ground that neither the Practice Act of May 14, 1915, P. L. 483, nor the rules of this court make provision for the filing of a supplemental affidavit of defense; that the supplemental affidavit of defense is both the introduction of new matter and contradictory to the original affidavit; and that there is no averment that the facts were not discoverable or had not been discovered at the time of filing the original.

Prior to the Practice Act of 1915, the filing of a supplemental affidavit of defense inconsistent with the original was not allowed. The Practice Act of 1915 provides, in section 12, for the filing of an affidavit of defense within 15 days; in section 20 for the filing of an affidavit of defense raising questions of law, and "If the court shall decide the question of law, so raised, against the defendant, he may file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days." Section 23 provides that "The courts of common pleas shall make such rules as they deem advisable for the proper enforcement of this act." It therefore appears that there is no specific provision in the Practice Act allowing a supplemental affidavit of defense to be filed except after the disposition of an affidavit of defense raising questions of law: Monk v. Magee Carpet Co., 46 Pa. C. C. 195. It is, however, generally conceded that by rule of court and upon allowance of the court a proper supplemental affidavit of defense may be filed. Girard Development Co. v. Rick, 2 Erie 102; Trethaway Bros. v. Israel, 29 Dist. R. 1012; Dever v. Kathrins & Golen, 82 Pa. Superior Ct. 140; Patrick Corr & Son, Inc., v. Pittsburgh Gage & Supply Co., 65 Pitts. L. J. 209.

We are of opinion that the defendant has no right to file a supplemental affidavit of defense without leave of court. We are also of opinion that a defendant has no right to file a supplemental affidavit of defense where the averments of the supplemental affidavit were within the knowledge of the defendant at the time the original was filed.

In Wood v. Kerkeslager, 227 Pa. 536, 540, the original affidavit of defense alleged an assignment void because it contravened the Federal Bankruptcy Law. The supplemental affidavit of defense alleged that it was void under the Pennsylvania assignment acts. The court said:

"Without now passing upon the question of the suspension of the act of 1901, it is sufficient to say that if the assignment to the appellees was void under the acts of 1818 and 1843, the defendants so knew when their original affidavit of defense was filed. Interest rei publicæ ut sit finis litium, and the practice of filing a supplemental affidavit of defense under the circumstances just stated is not to be sanctioned."

In Luella Coal & Coke Co. v. Gano, Moore & Co., 24 Dist. R. 999, it is said:

"The supplemental affidavit of defence contains no averments which were not within the knowledge of the defendants when the original affidavit was filed,

and alleges no defence of which they could not have availed themselves at that time."

While the last two cases arose before the Practice Act of 1915, that act did not change the law in respect to the requirement that a defendant must allege all available defenses known at the time of the filing of the affidavit of defense.

In Trethaway Bros. v. Israel, supra, it is said:

"The only proper function of a supplemental affidavit is to correct the infirmities of the original in the manner of stating the defence therein set forth, and not to introduce a new defence."

In the supplemental affidavit in the instant case, all the averments necessarily were known to the defendant at the time of the filing of the original. There is not a suggestion that any of the facts were discovered after the original was filed: West v. Clark, 22 Luz. L. R. 348. It is therefore apparent that this supplemental affidavit must be stricken off.

Now, March 28, 1933, the motion to strike off the supplemental affidavit of defense is hereby sustained and judgment is hereby directed to be entered for $526.16, the amount admitted to be due in the original affidavit, with interest from February 4, 1932, the amount to be liquidated by the prothonotary.

From Homer L. Kreider, Harrisburg, Pa.