## Provident Trust Company, Trustee, v. Kornfield et ux.

*John J. Sullivan,* for plaintiff.

*Barnett Cohen* and *Ivan P. Pechner,* for defendants.

CRUMLISH, J., April 24, 1942.—This is a rule to show cause why defendant Celia A. Kornfield should not be "released and discharged" of liability for a balance due under an agreement extending a mortgage which was subsequently foreclosed by sci. fa. proceedings. Upon the entry of judgment against both defendants in the foreclosure proceedings damages were assessed at $5635, but at the sheriff's sale the property produced only $4600. After deduction of amounts due for taxes, costs, etc., the balance of the purchase price was credited against plaintiff's judgment, leaving a deficiency which, together with interest, amounted to $1763.29 as of April 6, 1936. To recover this deficiency, plaintiff, in May 1940, instituted the present action against Isadore and Celia A. Kornfield. On January 7, 1941, judgment was entered against Isadore Kornfield for want of an affidavit of defense. Meanwhile, defendant Celia A. Kornfield had filed an affidavit of defense raising questions of law, but these were decided against her in an opinion by us on November 29, 1940. She thereupon filed an affidavit of defense on the merits of the case on December 12, 1940. The case was ordered upon the trial list, and was called for trial in January 1942, at which time it was continued at the request of defendant's counsel. Then, on February 9, 1942, Celia A. Kornfield filed, by agreement of counsel but without leave of court, a supplemental affidavit of defense, in which she invoked the new Deficiency Judgment Act of July 16, 1941, P. L. 400, 12 PS §2621.1 et seq., and asserted that plaintiff's

failure to comply with the provisions of that act effected a release of defendant from liability for any balance due under the mortgage. As her final procedural step defendant obtained this rule to show cause why she should not be so released under the terms of the Deficiency Judgment Act.

The question involved may be stated thus:

Where in an action in assumpsit for recovery of a deficiency arising out of a foreclosure proceeding issue is joined on a question of fact, and after the passage of the Deficiency Judgment Act of 1941 defendant files a supplemental affidavit of defense by agreement of counsel, but without leave of court, raising the question of liability under said Act of 1941, may the question or questions involved be disposed of on defendant's subsequent rule to show cause why liability for the claim alleged should not be "released and discharged"?

Plaintiff opposes the rule principally on three grounds: First, that upon filing of defendant's affidavit of defense on the merits the case was at issue and the pleadings "closed", hence the present rule, raising a point of law, was filed too late; second, that even if the rule had been filed in time the court is without authority to entertain it, for there is no provision in our rules of pleading for such a procedure; and third, that defendant's pleading is, in effect, a demurrer, and as such is defective as a "speaking" demurrer.

Although we cannot agree with all of plaintiff's contentions, we are of the opinion that the rule must be discharged.

We regard the present rule (and the defense asserted therein) not as the equivalent of the common-law demurrer, but rather as the equivalent of the common-law plea in confession and avoidance. At common law, in actions of assumpsit, matters in confession and avoidance by way of discharge, such as release, payment, performance, etc., and those which show the action to be void or voidable in point of law, were raised by

special pleas: Chitty's Pleading (16th Am. ed. 1876) vol. 1, 504, vol. 2, 455n. In Pennsylvania, by the Procedure Act of May 25, 1887, P. L. 271, sec. 7, special pleading was abolished, the legislature providing:

"The defendant in the action of assumpsit shall be at liberty, in addition to the plea of 'non assumpsit' to plead payment, set-off, and, also, the bar of the statute of limitations, *and no other pleas.*" (Italics supplied).

Then section 3 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §384, further changed the nature of the defendant's pleading:

"Pleas in abatement, pleas of the general issue, payment, payment with leave, set-off, the bar of the statute of limitations, *and all other pleas are abolished.* Defenses heretofore raised by these pleas shall be made in the affidavit of defense." (Italics supplied).

Thus, defendant's contention that she should be "discharged and released" from her obligation under the mortgage and the extension agreement, by virtue of the Deficiency Judgment Act of 1941, could be asserted only by filing an affidavit of defense.

In the present case this defense could not be presented by filing an affidavit of defense raising a question of law (or statutory demurrer), for, as plaintiff has indicated, the pleading would then be bad as a speaking demurrer—asserting a defense on the basis of facts not appearing of record outside the averments of the affidavit of defense itself: Naffah v. City Deposit Bank et al., 339 Pa. 157, 160 (1940) ; Steel v. Levy, 282 Pa. 338, 341 (1925) ; Jackson v. The State Mutual Benefit Society, 95 Pa. Superior Ct. 56, 61, 62 (1928). The question of the applicability of the Deficiency Judgment Act to this proceeding, and the effect on plaintiff's cause of action of plaintiff's noncompliance with that act, could be raised only by an affidavit of defense in bar of the action by the allegation of these new facts introduced by way of defense; see Jackson v. The State Mutual Benefit Society, supra. Clearly, then, de-

fendant's attempt to accomplish this result by resort to a rule to show cause is abortive.

This conclusion, however, does not leave defendant without a remedy. We are not prepared to say that defendant, by pleading on the merits of this case, was thereby precluded from asserting this additional defense of release. It has been held that a defendant, in an affidavit of defense to the merits, may assert, inter alia, a defense which, prior to enactment of the Practice Act, had to be raised by a plea in abatement or other special plea *before* answering on the merits. Thus, "the averment of a defense on the merits in addition to a defense that suit was premature was no waiver of the latter defense": Jackson v. The State Mutual Benefit Society, supra, p. 62. Consequently, defendant, in her original affidavit of defense, might properly have alleged, as *one* of her defenses to the proceeding, release by operation of law. In fact, that appears to us to be the only way in which she could raise such a defense. But at the time when she filed her affidavit of defense on the merits (December 12, 1940,) the defense which she now seeks to assert was not available to her, since the basis of the defense is the Deficiency Judgment Act, which was not passed until July 16, 1941, and the time limit within which plaintiff might have proceeded thereunder did not expire until six months later. Under such circumstances, to permit defendant to avail herself of this additional defense, the court may, in the exercise of its discretion, permit the filing of an amended or supplemental affidavit of defense; see Dever v. Kathrins et al., 82 Pa. Superior Ct. 140, 142, 143 (1923). This defendant may do, not as a matter of right, but only by leave of court, for "If a defendant has the right, without leave of court, to present an entirely new issue every time a case is called for trial, he might indefinitely postpone the disposition of a case": Dever v. Kathrins et al., supra, p. 142. In the Dever case the trial court refused

to permit the filing of a supplemental affidavit of defense when the case was called for trial, in accordance with a rule of court, on the ground that it "averred only facts of which [defendants] had knowledge at the time the statement of the plaintiff was served upon them and when [one of the defendants] filed his original affidavit of defense" (p. 143). On appeal this was held not to be an abuse of discretion. In the instant case, however, the new defense is based upon facts which arose after the filing of defendant's original affidavit of defense, and of which she could obviously have had no knowledge. Under such circumstances we may properly permit the filing of a new pleading: West v. Clark, 22 Luz. 348 (1923).

See Dever v. Kathrins et al., supra, at page 143:

"When a defendant asks leave to file a supplemental affidavit of defense setting forth facts which had been previously unknown to him and of which he could not have acquired knowledge by the exercise of reasonable diligence, it would be perfectly proper for the court to allow the new pleading to be filed. The discretion which the statute confers upon the court is to be exercised for the promotion of justice."

Defendant in this case filed her supplemental affidavit of defense without leave of court. In the interest of justice, and in order that the rights of the parties to this proceeding may be adjudicated on the merits we shall permit the supplemental affidavit of defense to stand, granting leave, hereby, nunc pro tunc.

That the court may, at this late stage in the proceedings, permit the filing of an amended or supplemental affidavit of defense, is settled by recent decisions of our Supreme Court: Tribulas v. Continental Equitable Title & Trust Co., 331 Pa. 283, 294 (1938), cited with approval in Morgan v. Debon, 337 Pa. 452, 455 (1940).

The procedure adopted by defendant's learned counsel in filing a pleading called a rule to show cause why

she should not be released and discharged of liability, ingenious though it may be, is unauthorized.

Accordingly, we enter the following

*Order*

And now, April 24, 1942, defendant's rule is discharged, and leave is granted herewith, nunc pro tunc, to file a supplemental affidavit of defense.